JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AURELIO ANTONIO CHECO ESTEVEZ,

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH VACCARO, Esq.
541 E. LANDIS AVENUE
VINELAND, NJ 08360

## DEFENDANTS

UNITED STATES OF AMERICA

County of Residence of First Listed Defendant: WASHINGTON, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
C/O THE HONORABLE TODD BLANCHE
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☒ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
7 U.S.C. §§ 2011 – 2036

Brief description of cause: THIS IS AN ADMINISTRATIVE APPEAL OF THE GOVERNMENT'S ATTEMPT TO IMPOSE A SIX-MONTH DISQUALIFICATION OF THE PLAINTIFF FROM PARTICIPATION IN THE FNS/SNAP PROGRAM

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:

NONE

JUDGE ______ DOCKET NUMBER ______

DATE: NOVEMBER 23, 2026

SIGNATURE OF ATTORNEY OF RECORD: Joseph Vaccaro

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**APPENDIX G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AURELIO ANTONIO CHECO ESTEVEZ, ind. & o/b/o ACCA FOOD MARKET, Inc., :
V. :
UNITED STATES OF AMERICA :

Civil Action No: ________________

DISCLOSURE STATEMENT FORM

Please check one box:

[X] The nongovernmental corporate party, ACCA FOOD MARKET, Inc., , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ] The nongovernmental corporate party, ______________________________ , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________

NOVEMBER 23, 2026 — Joseph Vaccaro
Date — Signature

Counsel for: PLAINTIFFS, AURELIO ANTONIO CHECO ESTEVEZ, ind. & o/b/o ACCA FOOD MARKET, Inc.,

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
(1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or

(2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
(2) promptly file a supplemental statement if any required information changes.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: PHILADELPHIA COUNTY, PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? NO. Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? NO. Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? NO. Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? NO. Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. NO. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☒ 16. All Other Federal Question Cases. *(Please specify)*: DISQUALIFICATION OF RETAILER FROM FNS/SNAP

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):__________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XXX] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF PENNSYLVANIA

**AURELIO ANTONIO CHECO ESTEVEZ, ind. & o/b/o ACCA FOOD MARKET, Inc.,** a Pennsylvania Corporation,

Plaintiffs,

v.

**UNITED STATES OF AMERICA**,

Defendant.

**CASE NO.**

**CIVIL ACTION - COMPLAINT**

The Plaintiffs, AURELIO ANTONIO CHECO ESTEVEZ, ind. & o/b/o ACCA FOOD MARKET, Inc., a Corporation formed under & pursuant to the laws of the Commonwealth of Pennsylvania, by and through its undersigned counsel, hereby respectfully files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein; and in support thereof respectfully states as follows:

**THE PARTIES, FACTUAL & PROCEDURAL BACKGROUND**

1. The Plaintiffs are AURELIO ANTONIO CHECO ESTEVEZ, in his individual capacity and & on behalf of ACCA FOOD MARKET, Inc., a retail food store in Philadelphia, Pennsylvania, named (the Store). The store is dedicated to the retail sale of primarily staple food items to the Plaintiffs' customers.

2. Located and operating at 6800 Dicks Avenue, Philadelphia, PA 19142 in the Elmwood Park section of Southwest Philadelphia, Pennsylvania, the Store serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3. The Defendant, the UNITED STATES OF AMERICA, acting through its Agency, the United States Department of Agriculture (hereinafter referred to as "The Program,"

“the Agency,” “the Government,” “the USDA" and/or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

4. Accordingly, the Store began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its appeal to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue, as they conduct significant non-SNAP transactions as well for ineligible items.

5. On or about November 25, 2025, the USDA, through the FNS (the Program / the Agency / the Government), issued a Charge Letter to the Plaintiffs wherein the store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiffs from the program.

6. The Plaintiffs denied the allegations and challenged the program’s intended action in a reply dated December 04, 2025.

7. On or about December 09, 2025, the Agency affirmed its decision to impose the intended six-month disqualification of the Plaintiffs from the program.

8. Accordingly, on December 18, 2025, the Plaintiffs, through the undersigned counsel, timely requested an Administrative Review of the Agency’s decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments in support of the Store’s position. The Plaintiffs took issue not only with the evidence that any violations of SNAP retailer policies had occurred, but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees, and that the government presented insufficient uncorroborated evidence to substantiate its claims, inter alia.

9. The Administrative Review Division of the USDA acknowledged the Plaintiffs' request by letter dated December 22, 2025.

10. On October 29, 2026, the Agency issued its Final Agency Decision (dated October 28, 2026) affirming its decision to disqualify the Store for six-months: the Plaintiffs' administrative appeal was denied. The documents, including the USDA's Final Agency Decision with accompanying email are collectively attached hereto as Exhibit "A."

11. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiffs for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

12. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

13. This Honorable Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

14. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as these Plaintiffs' business is owned and operated in Philadelphia, Philadelphia County, Pennsylvania and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

15. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

16. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household. These benefits are transmitted to, and utilized by the participant through an Electronic Benefits Transfer (EBT) card, which conceptually functions similarly to a debit card.

17. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as the Plaintiffs.

## SNAP VIOLATION REGULATIONS AND POLICIES

18. SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are. In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

19. The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its

employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

20. In this instant action, the Defendant has alleged that the Plaintiffs committed transactions that amount to the selling of ineligible common non-food items (also referred to as "minor ineligible items") in EBT transactions. Such allegations were based upon unsworn statements of an unidentified investigator, who is not subject to cross-examination.

21. In all, the Charge Letter claims that the Plaintiffs allegedly sold different ineligible items to the Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture.

22. Notably, neither the Charge Letter (which instituted the adverse Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

23. The store, in fact, did oversee its employees and provide SNAP training. At no time was the store owner or manager neglectful or careless in the operation of the store.

24. As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

**ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES**

25. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty. As noted by the

District of Oregon in *Plaid Pantry Stores, Inc.. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

26. Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

**COUNT I: REQUEST FOR JUDICIAL REVIEW**

27. The Plaintiffs respectfully incorporate and restate each and every paragraph set forth above as though fully set forth herein.

28. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, have the right to and hereby does, respectfully request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiffs.

29. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiffs had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

30. The store (Plaintiffs) respectfully deny that the transactions occurred as described by the Agency.

31. Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

32. The Plaintiffs' management and ownership have been diligent in operating the store and overseeing employees.

33. Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

34. Both the finding of a sale of ineligible items and that such sale was the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

35. Furthermore, the Plaintiffs have never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

36. Additionally, the Plaintiffs have never been afforded an opportunity to have this dispute evaluated or considered by a neutral arbiter or referee: this Judicial Review would be the Plaintiffs' first such opportunity.

37. As such, the Defendant, acting through its agency(ies), department(s) and sub-department(s) in the USDA, improperly and impermissibly suspended the Plaintiffs from participation in SNAP for six (6) months.

38. Therefore, the six (6) month disqualification against the Plaintiffs should be set aside by this Court in favor of the issuance of a warning letter; and the Plaintiffs' status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiffs and subsequently enter Judgment in favor of the Plaintiffs and against the Defendant for improperly disqualifying the Plaintiffs for six (6) months, as well as awarding the Plaintiffs the attorney's fees and costs incurred in this action.

**COUNT II: ARBITRARY AND CAPRICIOUS SANCTION**

39. The Plaintiffs hereby respectfully incorporate and restate the above paragraphs as though more fully set forth herein.

40. The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

41. The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

42. In any case, the Defendant lacked sufficient substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiffs, which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

43. As such, the alleged transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court set aside the Defendant's suspension of the Plaintiffs from participating in the SNAP program, as well as award the Plaintiffs attorney fees and costs incurred in this action.

**COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY**

44. The Plaintiffs hereby respectfully incorporate and restate the above paragraphs as if more fully set forth herein.

45. The Plaintiffs timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of the Store’s ability to accept and process EBT.

46. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

47. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

48. As such, the Plaintiffs respectfully request that this Honorable Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in this Complaint.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiffs attorney fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorney and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: November 23, 2026

Respectfully submitted,

*Joseph Vaccaro*

Joseph Vaccaro, Esq.
PA Attorney ID: 83366
541 E. Landis Avenue
Vineland, NJ 08360
Telephone: (215) 527-0887
Email: Vaccaroesq66@gmail.com

**COUNSEL FOR PLAINTIFFS**

# EXHIBIT A

November 25, 2025

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Aurelio Antonio Checo Estevez
Acca Food Market Inc
6800 Dicks Ave
Philadelphia, PA 19142-2516

Dear SNAP Retailer:

The United States Department of Agriculture (USDA), Food and Nutrition Service (FNS), investigated your store and found that violation(s) of the Supplemental Nutrition Assistance Program (SNAP) provision(s) occurred under your ownership.

You are being charged with the following:

**Charge**

| | |
|---|---|
| **Violation:** | **Accepting SNAP benefits in exchange for ineligible items.**<br>Regulatory Provision: 7 CFR 278.2(a) and 7 CFR 271.2 |
| Exhibit A: | Accepting SNAP benefits for: common ineligible items |

A copy of the report is enclosed. The name(s) of the person(s) who conducted the investigation have been removed.

**Applicable Penalty/Penalties**

| | |
|---|---|
| **Disqualification:** | **6 months**<br>Regulatory Authority: 7 CFR 278.6(e)(5) |

Civil or criminal action may also be taken against you by the United States Attorney.

Your store is not eligible to pay a Hardship Civil Money Penalty under SNAP regulation 7 CFR 278.6(f)(1) instead of being disqualified because FNS has determined that the disqualification will not cause hardship to SNAP households.

**Replying to the Charges**

**Due 10 Calendar Days from the Date This Letter was Delivered.**
If you wish to present any information, explanation, or evidence you have regarding these charges, you must reply within 10 calendar days in accordance with SNAP regulation 7 CFR 278.6(b)(1). FNS cannot advise you on what information or documentation to submit. Any documentation you submit becomes the property of FNS and will not be returned.

**Requesting an Extension:**
You may have up to 30 extra days to send us information, explanations, or evidence about the violations if you request an extension within 10 days of the delivery of this letter.

USDA is an Equal Opportunity Provider, Employer and Lender

**How to Reply**
You may reply either by phone or in writing.

**By Phone:**
You will need to make an appointment by calling Shana Long, in the Office of Retailer Operations and Compliance at (720) 772-0175.

If you schedule a call but fail to keep the appointment, FNS will consider that failure to be a non-response to the charges.

**By Email or Fax:**
Please send your response and any documentation by email to: Shana.Long@usda.gov or by fax to: (877) 258-1296.

If you prefer to send your response and documentation by mail, please call your point of contact above for the appropriate mailing address.

**Determination**
FNS will fully consider your reply and any information, evidence, explanation(s) that you provide before making a determination in this matter in accordance with SNAP regulations 7 CFR 278.6(c)-(d).

If FNS does not hear from you within 10 calendar days from the date this letter was delivered, a determination will be made based on the information available. Once a determination is made, FNS will inform you of the determination in writing.

The violations and penalties noted in this letter also apply to transactions involving Pandemic Electronic Benefit Transfer (P-EBT) and Summer Electronic Benefit Transfer (Summer EBT) benefits. Please see the enclosure for the P-EBT and Summer EBT regulations that correspond to applicable SNAP regulations.

Sincerely,

Julia McClure

Julia McClure
Section Chief
Office of Retailer Operations and Compliance
USDA, Food and Nutrition Service

Enclosures

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

## Pandemic-EBT (P-EBT) and Summer EBT Regulatory Crosswalk

The following crosswalk summarizes the provisions of P-EBT at 7 CFR 284.1 and Summer EBT regulations at 7 CFR 292.17 and 292.1. To determine which P-EBT and Summer EBT citations are applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below. The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT and Summer EBT integrity regulations.

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| n/a | background on P-EBT and S-EBT and the functions of this section | 284.1(a) 292.17(a), 292.1(a), and 292.1(b) |
| 271.2 | definition of trafficking applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(1) 292.17(c)(1) 292.2(1) |
| 271.2 | definition of firm's practice applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(2) 292.17(a) |
| n/a | definition of involving P-EBT benefits or involve PEBT benefits means activities involving P-EBT and S-EBT benefits as well as SNAP benefits, or only P-EBT or S-EBT benefits | 284.1(b)(3) 292.17(a) |
| 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT and S-EBT benefits, including the restriction that P-EBT and S-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 284.1(c) 292.17(a) |
| 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(d) 292.17(b)(2) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT and S-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT and S-EBT redemptions | 284.1(d)(1)<br>292.17(b)(1) |
| 278.1(b)(3),<br>278.1(k)(3),<br>278.1(k)(6), and<br><br>278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT and S-EBT benefits | 284.1(d)(2)<br>292.17(b)(2) |
| 7 CFR<br>278.1(k)(7),<br>278.1(l)(1)(v),<br>and<br>278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT and S-EBT benefits | 284.1(d)(3)<br>292.17 (b)(3) |
| 7 CFR 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(e)<br>292.17(c) |
| 278.6(e)(1)(i)<br>and<br>278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves PEBT and SEBT benefits | 284.1(e)(1)<br>292.17(c)(1) |
| 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT and S-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 284.1(e)(2)<br>292.17(c)(2) |
| 278.6(e)(2)(v),<br>278.6(e)(3)(iv),<br>and<br>278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT and S-EBT benefits | 284.1(e)(3)<br>292.17(c)(3) |
| 278.6(e)(2)(ii),<br>278.6(e)(2)(iii),<br>and<br>278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT and S-EBT redemptions | 284.1(e)(4)<br>292.17(c)(4) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT and S-EBT benefits | 284.1(e)(5)<br>292.17(c)(5) |
| 278.6(e)(4)(ii) and 278.2(f) | 1-year disqualification for transactions involving PEBT and SEBT benefits where retailer accepted benefits in payment for items sold on credit | 284.1(e)(6)<br>292.17(c)(6) |
| 278.6(e)(2)(i), 278.6(e)(3)(i), 278.6(e)(4)(i), and 278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT and S-EBT benefits | 284.1(e)(7)<br>292.17(c)(7) |
| 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving PEBT and SEBT benefits | 284.1(e)(8)<br>292.17(c)(8) |
| 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT and S-EBT benefits, which are too limited to warrant a period of disqualification | 284.1(e)(9)<br>292.17(c)(9) |
| 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(10)<br>292.17(c)(10) |
| 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(11)<br>292.17(c)(11) |
| 278.7 | standards regarding the determination and disposition of claims apply to claims based on PEBT and S-EBT benefits | |
| 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) and 292.17 (b), (c), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 284.1(g)<br>292.17(e) |

USDA **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

# IMPORTANT INFORMATION
# Supplemental Nutrition Assistance Program (SNAP) Disqualification

## Representation by a Third Party:

While it is not required, you may have an attorney or another third party assist you with your reply.

If you will be represented by an attorney or another third party, you must provide a *Letter of Representation* that you, as the store owner, must sign, authorizing FNS to communicate with your representative.

## WIC Vendors:

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your SNAP sanction. You will not have administrative or judicial appeal rights for the WIC disqualification in accordance with WIC regulation 7 CFR 246.12(l)(1)(vii).

## Failing to Pay a Civil Money Penalty (CMP)

If your penalty is determined to be a CMP, but you do not pay it by the due date, the applicable period of disqualification indicated in the charge letter will go into effect the day after the CMP was due.

## Selling or Transferring Ownership of Your Store:

If you are disqualified from SNAP and you sell or transfer ownership of your store during the disqualification period, you will be subject to and liable for a transfer of ownership CMP as provided by SNAP regulations 7 CFR 278.6(f)(2), (3), and (4). The amount of this CMP will be calculated based on SNAP regulations 7 CFR 278.6(g).

## Disclosing the Violation:

After the timeframe for all appeals has expired, FNS may publicly disclose information about your store if it is disqualified or otherwise sanctioned for SNAP violations. FNS will share the name and address of the store, the owner(s)/officer(s) names, and information about the sanction. SNAP regulations 7 CFR 278.1(q)(5)https://www.ecfr.gov/current/title-7/part-278 explain when and what information FNS may disclose to the public.

## Additional Resources:

Current SNAP regulations are available at: www.ecfr.gov/current/title-7/subtitle-B/chapter-II/subchapter-C.

SNAP retailer training resources are available at: https://www.fns.usda.gov/snap/retailer/training.

USDA is an Equal Opportunity Provider, Employer and Lender

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 06/11/2025 | EXHIBIT A RESULT: P |
|---|---|---|

## *CLERK INFORMATION*

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 25-30 | 5'6" - 5'9" | 185 - 195 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

## *EBT BENEFITS ISSUED, USED AND RETURNED:*

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1820.42 | $16.00 | $1804.42 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $16.00 | N/A | N/A |

## *MERCHANDISE RECEIVED [if applicable]:*

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Package of Plenty Paper Towel Roll (110 2-Ply Sheets) | I | NPI |
| 1 | Box of PREMIERE Fold & Close Sandwich Bags (80 CT) | I | NPI |
| 1 | Container of peanut butter | E | NPI |
| 1 | Bottle of water | E | NPI |
| 1 | Bottle of jelly | E | 4.49 |

NPI - NO PRICE INDICATED OR ILLEGIBLE    TYPE: E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| | | |
|---|---|---|
| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>06/12/2025 | EXHIBIT B<br>RESULT: N |

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 4:37 p.m. and began shopping. The store was very busy, with multiple customers inside shopping. I selected my food and non-food items. I then approached the checkout counter and waited for a customer to complete their transaction before setting my food and non-food items down. I greeted the clerk, and he began to ring up the food and non-food items. I presented my EBT card to the clerk, and he asked what type of card it was. I told the clerk it was EBT. The clerk, who spoke very broken English, stated that I could not buy the non-food items on EBT. I told the clerk it was the only card I had on me, and he just stared at me. He then repeated that I could not buy the non-food items and moved them to the side. The clerk told me to swipe. I swiped the EBT card on the PIN pad and entered the PIN. The transaction was completed. The clerk then asked me for cash for the non-food items, and I told him again I only had EBT. He said oh, okay. The clerk then bagged the food items and handed me the receipt. I thanked the clerk and grabbed the bagged food items. I departed the subject store at or about 4:44 p.m.

Upon review of the cash register receipt, I noticed that the items were not all listed/described accurately.

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 06/12/2025 | EXHIBIT B RESULT: N |
|---|---|---|

***CLERK INFORMATION***

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 55-60 | 5'4" - 5'7" | 190 - 200 | White | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

***EBT BENEFITS ISSUED, USED AND RETURNED:***

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1715.13 | $7.99 | $1707.14 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $7.99 | N/A | N/A |

***MERCHANDISE RECEIVED [if applicable]:***

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Package of cookies | E | 5.99 |
| 1 | Bottle of juice drink | E | 2.00 |
| 1 | Bottle of laundry detergent | R | |
| 1 | Package of laundry softener | R | |
| 1 | Bottle of dish soap | R | |

NPI - NO PRICE INDICATED OR ILLEGIBLE TYPE: E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
**FORM FNS-413 (PAGE 5 OF 7) - (7-98) PREVIOUS EDITIONS OBSOLETE.**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>06/14/2025 | EXHIBIT C<br>RESULT: N |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 8:06 a.m. and began shopping. I selected my food items and non-food item and brought them up to the checkout counter. I placed them down on the counter and greeted the clerk. The clerk began ringing up the food items, and I told him I was using EBT. He told me I could not buy the non-food item on EBT. I offered to put it back, and he said he would appreciate that, so I placed the non-food item back on the shelf. When I reapproached the checkout counter, the clerk stated I could swipe on the PIN pad. I swiped the EBT card on the PIN pad and entered the PIN. The transaction was completed for the food items. I then asked the clerk if I was able to get cash off my EBT card, and the clerk stated no, no cash back. The clerk bagged the food items and placed the receipt in the bag. He then handed the bag to me. I then grabbed the bag of food items with the receipt. I departed the subject store at or about 8:10 a.m.

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted<br>06/14/2025 | EXHIBIT C<br>RESULT: N |
|---|---|---|

***CLERK INFORMATION***

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 25-30 | 5'6" - 5'9" | 185 - 195 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

***EBT BENEFITS ISSUED, USED AND RETURNED:***

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1561.25 | $6.74 | $1554.51 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: Y | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $6.74 | N | N/A |

***MERCHANDISE RECEIVED [if applicable]:***

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Box of toaster pastries | E | 4.49 |
| 1 | Bottle of juice | E | 2.25 |
| 1 | Package of paper towels | R | |
| | Cash | R | |

NPI - NO PRICE INDICATED OR ILLEGIBLE TYPE: E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

**FORM FNS-413 (PAGE 7 OF 7) - (7-98) PREVIOUS EDITIONS OBSOLETE.**

**Sensitive but Unclassified (SBU) Information**

## USDA - FNS
## REPORT OF POSITIVE INVESTIGATION

| STORE NAME AND ADDRESS | CASE IDENTIFICATION NUMBER | DATE |
|---|---|---|
| Acca Food Market Inc<br>6800 Dicks Ave<br>Philadelphia, PA 19142 | *Redacted | 6/24/2025 |

1 Investigator(s) and 0 Confidential Informant(s) made 3 visit(s) to the subject store during the period 6/11/2025 through 6/14/2025 . On 1 visits, violations of the Supplemental Nutrition Assistance Program (SNAP) regulations occurred. Details of each transaction are attached.

Number of Surveillance Visit(s) 0 Number of Client Interview(s) 0

**REMARKS:**

CERTIFICATION:

This report consists of 3 exhibit(s) letter(s) A to C totaling 7 pages. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in any proceeding, I am competent to testify to the matters stated herein. Further declarant sayeth not. I declare under penalty of perjury the foregoing is true and correct.

**SIGNATURE OF INVESTIGATOR**

***Redacted**

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 06/11/2025 | EXHIBIT A RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 2:42 p.m. and began shopping. The store was on the smaller side but decently stocked with food and non-food items. There were exterior and interior cameras at the store. There was also a deli counter towards the back that had cold and hot food items for sale. The store was busy while I was shopping. I selected my food and non-food items and approached the checkout counter. The checkout counter was small and had a plexiglass window separating the clerk from the customers. There was another customer at the counter checking out. I waited behind the customers and observed them paying for the hot food items with cash and then using an EBT card for food items. When they finished, I approached the checkout counter and placed the food and non-food items on the counter and greeted the clerk. The clerk and I talked about our days while he rang up the food and non-food items. I then presented the EBT card to the clerk, and he made no comment on the non-food items being purchased on EBT. He told me to swipe on the PIN pad. I swiped the EBT card on the PIN pad, and nothing happened. I then stated it was EBT. He nodded and told me to swipe again. I swiped the EBT card on the PIN pad and then entered the PIN. The transaction was then completed. The clerk then looked at the receipt and stated he should not have let me buy the non-food items on EBT. I asked what he meant, and he said they aren't allowed to sell non-food items on EBT. He then explained what was allowed and not allowed to be bought on EBT. The clerk then bagged the food and non-food items and handed the receipt to me. I grabbed the bag of food and non-food items. I departed the subject store at or about 2:50 p.m.

Upon review of the receipt, I noticed the number of products itemized on the receipt does not match the number of items purchased in the store. Additionally, I noticed that the items were not all listed/described accurately.

# JOSEPH VACCARO

Attorney – At – Law

*REPRESENTING CLIENTS IN*
*NJ & PA MATTERS*

Direct Dial / Text: 215 – 527 – 0887

E-MAIL: VACCAROESQ66@GMAIL.COM

*New Jersey Office:*

541 E. LANDIS AVENUE
VINELAND, NJ 08360

*Kindly Send All Correspondences*
*to the Vineland Address,*
*via E-Mail, or via Text Message*

*Pennsylvania Office:*

3000 No. 06TH STREET
PHILADELPHIA, PA 19133


DECEMBER 04, 2025

**VIA ELECTRONIC MAIL TO SHANA.LONG@USDA.GOV**

SHANA LONG
USDA, FOOD AND NUTRITION SERVICE
SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM

**Re: REPLY TO THE USDA's CORRESPONDENCE DATED 11/25/2025**
**PURSUANT TO USDA/SNAP REGULATIONS**
**REQUEST FOR CONSIDERATION FOR CIVIL MONETARY PENALTY**

**MY CLIENT: AURELIO ANTONIO CHECO ESTEVEZ**
**ACCA FOOD MARKET, Inc.**

**LOCATION: 6800 DICKS AVENUE**
**PHILADELPHIA, PA 19142**

Dear Ms. Long:

Good day. My name is Joseph Vaccaro; and I am the attorney for Aurelio Antonio Checo Estevez / Acca Food Market, Inc., the firm or participant in your Program which has been accused of violating regulations of the SNAP Program, per Ms. McClure's correspondence dated November 25, 2025.

I am respectfully submitting this Reply pursuant to the SNAP Regulations, as well as all other relevant and appropriate statutes, regulations, case law, and rules (nunc pro tunc as may be applicable) of the Program's decision to disqualify my client from the Program for a period of six (6) months, and alternatively a Request for Consideration for a Civil Monetary Penalty.

By way of background, Ms. McClure, the Section Chief, Office of Retailer Operations and Compliance of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program sent a letter to Mr. Checo Estevez / Acca Food Market Inc., dated November 25, 2025.

That letter states, inter alia, that the store accepted SNAP benefits for ineligible items; and consequently, the store would be disqualified from the program for a period of six months. That letter also contained several documents titled, "Investigative Transaction Reports," which contained uncorroborated and unsubstantiated allegations against the store. The witness(es) making these allegations against the Appellant were not subject to cross examination. Furthermore, the government has not presented any receipts of the purported transactions.

Accordingly, we respectfully request a full evidentiary hearing, as a lack of hearing wherein the government would present its evidence before a neutral trier of fact, a lack of hearing wherein the government's witnesses would have been subject to cross-examination, etc… has violated my client's substantive and procedural due process rights afforded by the United States Constitution, and other relevant authorities.

Additionally, we are respectfully raising the following issues for consideration & review:

1. The factual allegations made against my client do not meet the relevant definition(s) or criteria;

2. The Investigator(s) has a bias, as a Contractor for the Food & Nutrition Service; &

3. The Investigator(s) have engaged in entrapment and/or other inappropriate conduct.

On the basis of these allegations, the Program has unilaterally determined to impose a very severe sanction: a six month disqualification. We respectfully submit that this is excessive, unusual, arbitrary, and capricious.

Enclosed herein please find a Designation of Attorney & Authorization to Release Information.

Further supporting information will be submitted in writing at a later date, as our investigation is ongoing.

We look forward to a mutually agreeable resolution of these claims. Thank you in advance for your time and kind courtesies in this important matter.

Respectfully,

*Joseph Vaccaro*

JOSEPH VACCARO

December 09, 2025

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Joseph Vaccaro, Esq.
Joseph Vaccaro, Attorney – At – Law
541 E. Landis Ave.
Vineland, NJ 08360

RE: Acca Food Market Inc
6800 Dicks Ave
Philadelphia, PA 19142-2516

Re: Charge Letter Dated November 25, 2025

Dear SNAP Retailer:

After consideration of all available information and evidence related to the Supplemental Nutrition Assistance Program (SNAP) violations cited in the charge letter noted above, the Food and Nutrition Service (FNS) determined that the violations occurred at your store.

The information and evidence FNS considered included your reply or replies dated: December 05, 2025

The penalty is as follows:

| | |
|---|---|
| **Disqualification Period:** | **6 months** |
| Effective Date: | 10 days from the date this letter was delivered. |
| Regulatory Authority: | 7 CFR 278.6(e)(5). |

You must stop accepting SNAP benefits by the effective date unless you submit a timely request for administrative review of the decision.

If you do not request administrative review and you continue accepting SNAP benefits at this store location after the effective date, you may be fined for redeeming SNAP benefits without authorization under SNAP regulation 7 CFR 278.6(m).

After the disqualification period is over, you must reapply for SNAP authorization if you want to participate in SNAP again at this store location. You may submit an application as early as 10 days before the disqualification period ends in accordance with SNAP regulations 7 CFR 278.6(a).

If your store was disqualified for more than six (6) months, you will also need to submit a collateral bond or irrevocable letter of credit in order to reenter the program. See the enclosed guide, "Collateral Bond or Irrevocable Letter of Credit Requirement."

**Requesting Administrative Review**
If you disagree with the action taken against your store, you have 10 calendar days from the date

this letter was delivered to request Administrative Review of your case. Please see the enclosed guidance, "Requesting Administrative Review" for more information.

The SNAP regulations cited in this letter also apply to transactions involving Pandemic Electronic Benefit Transfer (P-EBT) and Summer Electronic Benefit Transfer (Summer EBT) benefits. Please see the enclosure for the P-EBT and Summer EBT regulations that correspond to applicable SNAP regulations.

Sincerely,

Julia McClure
Section Chief
Office of Retailer Operations and Compliance
USDA, Food and Nutrition Service

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

# Pandemic-EBT (P-EBT) and Summer EBT Regulatory Crosswalk

The following crosswalk summarizes the provisions of P-EBT at 7 CFR 284.1 and Summer EBT regulations at 7 CFR 292.17 and 292.1. To determine which P-EBT and Summer EBT citations are applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below. The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT and Summer EBT integrity regulations.

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| n/a | background on P-EBT and S-EBT and the functions of this section | 284.1(a) 292.17(a), 292.1(a), and 292.1(b) |
| 271.2 | definition of trafficking applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(1) 292.17(c)(1) 292.2(1) |
| 271.2 | definition of firm's practice applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(2) 292.17(a) |
| n/a | definition of involving P-EBT benefits or involve PEBT benefits means activities involving P-EBT and S-EBT benefits as well as SNAP benefits, or only P-EBT or S-EBT benefits | 284.1(b)(3) 292.17(a) |
| 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT and S-EBT benefits, including the restriction that P-EBT and S-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 284.1(c) 292.17(a) |
| 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(d) 292.17(b)(2) |

USDA is an Equal Opportunity Provider, Employer and Lender

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT and S-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT and S-EBT redemptions | 284.1(d)(1)<br>292.17(b)(1) |
| 278.1(b)(3),<br>278.1(k)(3),<br>278.1(k)(6), and<br><br>278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT and S-EBT benefits | 284.1(d)(2)<br>292.17(b)(2) |
| 7 CFR<br>278.1(k)(7),<br>278.1(l)(1)(v),<br>and<br>278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT and S-EBT benefits | 284.1(d)(3)<br>292.17 (b)(3) |
| 7 CFR 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(e)<br>292.17(c) |
| 278.6(e)(1)(i)<br>and<br>278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves PEBT and SEBT benefits | 284.1(e)(1)<br>292.17(c)(1) |
| 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT and S-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 284.1(e)(2)<br>292.17(c)(2) |
| 278.6(e)(2)(v),<br>278.6(e)(3)(iv),<br>and<br>278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT and S-EBT benefits | 284.1(e)(3)<br>292.17(c)(3) |
| 278.6(e)(2)(ii),<br>278.6(e)(2)(iii),<br>and<br>278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT and S-EBT redemptions | 284.1(e)(4)<br>292.17(c)(4) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT and S-EBT benefits | 284.1(e)(5)<br>292.17(c)(5) |
| 278.6(e)(4)(ii) and<br>278.2(f) | 1-year disqualification for transactions involving PEBT and SEBT benefits where retailer accepted benefits in payment for items sold on credit | 284.1(e)(6)<br>292.17(c)(6) |
| 278.6(e)(2)(i),<br>278.6(e)(3)(i),<br>278.6(e)(4)(i),<br>and<br>278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT and S-EBT benefits | 284.1(e)(7)<br>292.17(c)(7) |
| 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving PEBT and SEBT benefits | 284.1(e)(8)<br>292.17(c)(8) |
| 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT and S-EBT benefits, which are too limited to warrant a period of disqualification | 284.1(e)(9)<br>292.17(c)(9) |
| 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm’s average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(10)<br>292.17(c)(10) |
| 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(11)<br>292.17(c)(11) |
| 278.7 | standards regarding the determination and disposition of claims apply to claims based on PEBT and S-EBT benefits | |
| 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) and 292.17 (b), (c), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 284.1(g)<br>292.17(e) |

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

### Supplemental Nutrition Assistance Program (SNAP)

# Requesting Administrative Review

SNAP regulations 7 CFR 278.6(n) and 7 CFR 279 Subpart A

1. **Deadline for Submitting Your Request: 10 calendar days**
   If you disagree with the action taken against your store and wish to pursue administrative review, you must request a review within 10 calendar days from the date the determination letter was delivered to you.

   The request will be on time if emailed (or postmarked) by 11:59pm (in the time zone where the store is located) on the 10th calendar day. If the 10th calendar day falls on a Saturday, Sunday, or a Federal holiday, the request will be on time if it is emailed (or postmarked) on the next business day.

   The 10-day timeframe is in accordance with SNAP regulation 7 CFR 279.2(c) . There are no extensions or exceptions.

2. **Missing the deadline:**
   If you miss the deadline to request administrative review, the determination made by the Office of Retailer Operations and Compliance will be final. You will not have any further appeal rights.

3. **Send Your Request for Review by Email to: SNAP-ARB@usda.gov.***
   The subject line of your email should say: "Administrative Review Request for Acca Food Market Inc - FNS Number 0669927.

4. **Include All of the Following Information in Your Email:**
   1. Store FNS number,
   2. Store name,
   3. Store physical address (location address),
   4. Store owner's name,
   5. Store owner's email address,
   6. Store owner's phone number,
   7. Summary of the reason(s) why you believe the decision on your case is incorrect and should be reviewed, and
   8. If someone (attorney, accountant, other) will be representing you in the review process, you must:
      - Sign a statement which names this individual as your representative;
      - Include your representative's name, email address, phone number, and complete mailing address: and
      - Email it with your request for review. Failure to include this signed statement may delay processing of your request.

5. **Supporting Documentation:** All information about your store's case, including any evidence you sent to the Office of Retailer Operations and Compliance, will be transferred to the Administrative and Judicial Review Branch. Do not resubmit evidence that you have already provided. Doing so may delay your review.

6. **Acknowledgement Email from the Food and Nutrition Service (FNS):** If your request for review is on time, you will receive an acknowledgement email stating that your request for review has been received, and that your case will be assigned to an administrative review officer as soon as possible. Please do not send any additional materials until your case has been assigned to a review officer.

   Once FNS sends you the acknowledgement email, the Administrative and Judicial Review Branch will be your new point of contact. Your contact in the Office of Retailer Operations and Compliance will not be able to answer questions about your case.

7. **Assignment of an Administrative Review Officer:** When an administrative review officer is assigned to your case, you will receive an email with a letter which will provide you with the review officer's name and contact information. Your assigned review officer will be your point of contact during the review process.

   If you have any additional documentation or evidence to support your case, you should send it by email to your assigned review officer.

8. **Monetary Penalties:** If you request a review on time, do not pay any monetary penalties and do not submit a bond or LOC, if applicable, until a decision is made on your case.

9. **Final Agency Decision:** After the administrative review is completed, you will receive a Final Agency Decision document that explains the outcome of the administrative review. The review officer assigned to your case will do one of the following:
   - Modify the action that was taken - If the decision is modified, the review officer will provide information on any change to the penalty or amount of a monetary fine;
   - Overturn/reverse the action that was taken - If the decision is overturned/reversed, your store will be allowed to continue or to resume accepting SNAP benefits. Also, you will not need to pay any civil money penalties or fiscal claims for the case; or
   - Sustain/uphold the action that was taken - If the decision is sustained/upheld, the review officer determined that the decision made by the Office of Retailer Operations and Compliance was correct.

*You may send your request for review by regular mail; however, doing so may delay processing. If you opt to submit your request by mail, send it to: Chief, Administrative and Judicial Review Branch, Food and Nutrition Service - USDA, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314. You must include all the information listed in paragraph #4 above. It is not necessary to send the same information by both email and mail. Doing so may delay your review. FNS does not accept requests for review over the phone.

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

**Supplemental Nutrition Assistance Program (SNAP)**

# Collateral Bond or Irrevocable Letter of Credit Requirement for Certain SNAP Retailers

SNAP regulation 7 CFR 278.1(b)(4)

## What are Collateral Bonds and Irrevocable Letters of Credit?

A collateral bond (bond) or irrevocable letter of credit (LOC) guarantees that the Food and Nutrition Service (FNS) will be able to collect the funds necessary to satisfy any fiscal claim established against your store if FNS determines that SNAP violations have occurred at your store again. Either document (bond or LOC) can be submitted for this purpose. A bond is issued by a state recognized bonding agency, such as an insurance company. An LOC is issued by a commercial bank.

## Which Retailers Must Submit a Bond or LOC?

Owners of stores where SNAP violations have occurred must submit a collateral bond or LOC in order for that store to continue participating in SNAP. FNS requires a bond or LOC from a store that has been:

- Disqualified from SNAP for more than six months;
- Imposed a civil money penalty (CMP) instead of a disqualification period of more than 6 months; or
- Sanctioned in SNAP more than once under the same ownership, regardless of the length of the sanction.

## How Does FNS Determine the Amount of the Bond or LOC?

The bond or LOC must be worth $1,000 or 10% of your store's average monthly SNAP redemptions over the past 12 months, whichever is greater. See SNAP regulation 7 CFR 278.1(b)(4)(i)(D).

## Where Do I Send the Bond or LOC?

Mail the original bond or LOC (not a copy) to:

Retailer Service Center
Food and Nutrition Service - USDA
PO Box 7228
Falls Church, VA 22040

**NOTE:** Only the US Postal Service can deliver to this address.

## What Are the Requirements for the Bond or LOC?

The bond or LOC must:

- Be made payable to the Food and Nutrition Service, USDA.
- Include the store name, owner(s) name(s), store address and FNS number.

- Have a face value in the amount indicated in the sanction determination letter from FNS.
- Contain the sentence:
  "This instrument guarantees the ability of the Food and Nutrition Service, USDA, to collect payment of any fiscal claim assessed by the agency against the aforementioned firm as a result of the firm's participation in the Supplemental Nutrition Assistance Program."
- Not be cancelled for non-payment.
- Be valid for 5 years.

## What Happens After I submit the Bond or LOC?

FNS holds the bond or LOC for 5 years.

- If FNS establishes a fiscal claim against your store during that time, FNS may collect the fiscal claim from the bond or LOC.
- If the bond or LOC becomes inactive or expires prior to the end of the 5-year timeframe, your store will be withdrawn from SNAP until you submit a new bond or LOC to FNS.
- If you or FNS withdraws your store from SNAP before the 5 years have passed and there is no outstanding fiscal claim on your store, the bond or LOC will be released back to you at that time.

## Do I Still Need to Pay Monetary Penalties if I Submit a Bond or LOC?

Yes. The bond or LOC requirement does not replace or reduce your obligation to pay money penalties or fiscal claims that FNS has assessed against your store.

USDA is an Equal Opportunity Provider, Employer and Lender

**Sample Collateral Bond**

[Issuer's Name and Address Contact Information]

[Date]

| Beneficiary:<br>Food and Nutrition Service<br>U.S. Department of Agriculture<br>PO Box 7228<br>Falls Church, VA 22040 | Applicant:<br>[Owner's name]<br>[Store name<br>Store street address<br>City state, ZIP] |
|---|---|

Collateral bond number _______________

That we, as_____________, principal, and _____________, a corporation duly incorporated under the laws of the State of ___________, as Surety, are held and firmly bound unto United States Department of Agriculture, Food and Nutrition Service, as obligee, in the penal sum of ___________( ) dollars for the payment of which we hereby bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The conditions of this bond are such that the said Principal has applied for the reauthorization, or has continued authorization, to accept Supplemental Nutrition Assistance Program (SNAP) benefits in accordance with the requirements of said obligee, and has agreed to hold obligee harmless from suffering any loss or damaged occasioned by said Principal's failing to comply with any provisions of any ordinances applicable to the work performed by said Principal.

This instrument is to ensure the ability of the Food and Nutrition Service (FNS), U.S. Department of Agriculture, to collect payment of any fiscal claim assessed by FNS against the aforementioned firm, for the firm's participation in the federal SNAP in accordance with Federal regulations at 7 CFR 278.1(b)(4).

Now therefore, if said Principal shall faithfully perform all the duties according to the requirements of the said Ordinances regulating said license, and protect said obligee from any damages as herein before stated, then this obligation shall be null and void; otherwise, to remain in full force and effect. This bond may be terminated as to future acts of the Principal upon thirty (30) days written notice by the Surety. Such written notice should clearly state "BOND TERMINATION NOTICE" and be addressed to Retailer Operations and Compliance, USDA, Food and Nutrition Service, PO Box 7228, Falls Church, VA 22040 Otherwise, this bond expires _____________.

______________________________________
Date

____________________________________________________________________________
Principal

____________________________________________________________________________
Agent

____________________________________________________________________________
Surety

**Sample Letter of Credit**

[Bank Name and Address]
[Contact Information]
[Date]

Beneficiary:
Food and Nutrition Service
U.S. Department of Agriculture
PO Box 7228
Falls Church, VA 22040

We hereby open our irrevocable standby letter of credit number [Number or code] in the United States Department of Agriculture (USDA), Food and Nutrition Service (FNS) favor for the account of [Store name], [Store street address, city, state, ZIP code] in the amount of U.S. [dollar amount] available by your draft(s) drawn on us when accompanied by: a demand for payment of the fiscal claim, issued to [Owner's Full Name], [Owner's title], [Store name], [Store street address, city, state, ZIP code], by FNS.

This instrument is to ensure the ability of USDA, FNS, to collect payment of any fiscal claim assessed by FNS against the aforementioned firm, in relation to the firm's participation in the Supplemental Nutrition Assistance Program (SNAP), in accordance with Federal regulations at 7 CFR 278.1(b)(4).

This document becomes effective ______________________ and expires ______________________.

Signed statement must be dated no later than the expiration date of this instrument.

Any draft drawn under the credit must be marked "Drawn under credit number [Number or Code] of [Financial institution name, street address, city, state, ZIP code]." This credit is subject to International Standby Practices (ISP) 98.

We hereby agree that any draft drawn under and in compliance with the terms of this credit must be duly honored on due presentation to the main office [financial institution's name, street address, city, state, ZIP code] on or before [expiration date].

[Financial Institution]

______________________ ______________________

Authorized signature Title

# JOSEPH VACCARO

Attorney – At – Law

*REPRESENTING CLIENTS IN*
*NJ & PA MATTERS*

Direct Dial / Text: 215 – 527 – 0887

E-MAIL: VACCAROESQ66@GMAIL.COM

*New Jersey Office:*

541 E. LANDIS AVENUE
VINELAND, NJ 08360

*Kindly Send All Correspondences*
*to the Vineland Address,*
*via E-Mail, or via Text Message*

*Pennsylvania Office:*

3000 No. 06TH STREET
PHILADELPHIA, PA 19133


DECEMBER 18, 2025

**VIA: ELECTRONIC MAIL SNAP-ARB@USDA.GOV,**

CHIEF, ADMINISTRATIVE & JUDICIAL REVIEW BRANCH
FOOD AND NUTRITION SERVICE - USDA
1320 BRADDOCK PLACE, 05TH FLOOR
ALEXANDRIA, VA 22314

**Re: ADMINISTRATIVE REVIEW REQUEST**
**PURSUANT TO SNAP REGULATIONS**

| | |
|---|---|
| **FNS NUMBER:** | **0669927** |
| **MY CLIENT(S):** | **AURELIO ANTONIO CHECO ESTEVEZ**<br>**ACCA FOOD MARKET, Inc.** |
| **LOCATION:** | **6800 DICKS AVENUE**<br>**PHILADELPHIA, PA 19142-2516** |
| **STORE OWNER'S NAME:** | **AURELIO ANTONIO CHECO ESTEVEZ** |
| **STORE OWNER'S PHONE #:** | **(267) 207-8288** |
| **STORE OWNER'S EMAIL:** | **CHECOAURELIO@HOTMAIL.COM** |

Dear Sir/Madam:

Good day. My name is Joseph Vaccaro; and I am the attorney for the store located at the above-referenced address. Your Program seeks to disqualify my client, per the Program's Determination Letter dated December 09, 2025. A copy of that Determination Letter with tracking information is made a part of this packet.

I am respectfully submitting this Request for Review pursuant to the SNAP Regulations, as well as all other relevant and appropriate statutes, regulations, case law, and rules, of the Program's decision to impose the six-month disqualification.

This six-month disqualification violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations.

We respectfully request a full evidentiary hearing all issues raised by the Government's allegations, actions, and omissions. The Government's determination absent a hearing wherein my client can face its accuser, with an opportunity to cross-examine the government's accusing witness(es), has violated my client's substantive and procedural due process rights afforded by the United States Constitution and applicable statutes and regulations.

On the basis of these uncorroborated and unsubstantiated allegations, the Program has unilaterally determined to impose a drastic penalty: we respectfully submit that this is excessive, arbitrary, and capricious.

Additionally, we respectfully submit that the Government's use of private contractor(s) and investigator(s) to engage in such conduct is improper, as the private contractor(s) and investigator(s) in question as well as in general were biased, have an incentive, and more likely than not engage in entrapment (assuming that the transactions took place as alleged, which are denied). Furthermore, the government's actions, which led to the initial charges constitute misconduct.

Can you please confirm receipt of this correspondence in writing?

Further supporting information will be supplied, as this investigation is ongoing.

Lastly, attached hereto, please find a Designation of Attorney & Authorization to Release Information.

We look forward to a mutually agreeable resolution of these claims. Thank you in advance for your time and kind courtesies in this important matter.

Respectfully,

*Joseph Vaccaro*

JOSEPH VACCARO, Esq.

December 22, 2025

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: via email

Joseph Vaccaro, Esq.
Joseph Vaccaro, Attorney – At – Law
541 E. Landis Ave.
Vineland, NJ 08360

RE: Case Number - C0301178
Acca Food Market Inc
6800 Dicks Ave
Philadelphia, PA 19142-2516

Dear Counselor,

The Food and Nutrition Service (FNS) has received your timely request for an administrative review of the determination made by the Office of Retailer Operations and Compliance (ROC) about the participation of Acca Food Market Inc in the Supplemental Nutrition Assistance Program (SNAP).

The case has been assigned the case number indicated above. Please include that number as well as the store name and address in all correspondence for this case.

All information regarding ROC's determination, including any information or documents you previously provided to ROC, has been provided to the Administrative and Judicial Review Branch (AJRB). You do not need to resubmit any documents you have already provided.

Now that your case is in administrative review, your ROC contact person can no longer answer questions or discuss the case with you.

**What Happens Next?**

1. <u>An Administrative Review Officer (ARO) will be assigned</u>: When an ARO is assigned to your case, you will receive another letter explaining the next steps. If you have designated someone to represent you in this matter, they will also receive the letter. The ARO will be assigned as quickly as possible.
2. <u>Opportunity to Submit Additional Information</u>: Once you receive the letter notifying you that an ARO has been assigned to your case, you will be given additional time to provide new information and documentation to support your position that the action taken against your store was improper.
   If you would like to send new information in support of your case now, please send it by e-mail to: SM.FN.SNAP-ARB@usda.gov with the following subject line:
   "Acca Food Market Inc, Case Number C0301178 Supporting Information"
   If you prefer, you may send your materials to the mailing address noted at the end of this letter. Please be sure to include the store name, address, and case number.

**Can My Store Continue to Accept SNAP Benefits?**
If your store was permanently disqualified for trafficking, you cannot accept SNAP benefits during the review process. You must stop accepting SNAP benefits immediately.

If your store was withdrawn or disqualified for a reason other than trafficking, your store can continue to accept SNAP benefits during the review process.

**I was Assessed a Monetary Penalty. Do I Need to Pay it Now?**
No. You do not need to pay any monetary penalties while your administrative review is pending.

**Can I Have Someone Represent Me, such as an Attorney?**
Yes, but you must first send a Letter of Representation or a copy of your retainer agreement to the email or mailing address at the end of this letter. The letter of representation authorizes FNS to communicate with your representative. The letter must be signed by a store owner. Please include the store name, address, and case number.

The rules governing your review rights are contained in 7 CFR 278.6(n) and 7 CFR 279 of the SNAP regulations.

Sincerely,

Jon Yorgason
Chief, Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA
1320 Braddock Place, 5th Floor
Alexandria, VA 22314
Email: SM.FN.SNAP-ARB@usda.gov

July 17, 2026

**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Number: via email

Joseph Vaccaro, Esq.
Joseph Vaccaro, Attorney – At – Law
541 E. Landis Ave.
Vineland, NJ 08360

RE: Case Number - C0301178
Acca Food Market Inc
6800 Dicks Ave
Philadelphia, PA 19142-2516

Dear Counselor,

The Administrative and Judicial Review Branch (AJRB) has assigned your case to Administrative Review Officer David Shively to review the determination made by the Office of Retailer Operations and Compliance (ROC) about the participation of Acca Food Market Inc in the Supplemental Nutrition Assistance Program (SNAP).

In order for your case to be reviewed, you must provide the following information by the due date listed below:

- The reason(s) why you believe a review is warranted, and
- New information and/or documentation to support your position.

If you already provided this information when you submitted your request for review, you do not need to submit it again.

If you do not provide any reason(s) why you think your case should be reviewed, a review will not be conducted and the action taken against your store will become final.

AJRB cannot advise you on what information or documentation to submit.

**Due date: August 07, 2026**
All supporting information and documentation you want us to consider in our review must be submitted to the assigned Administrative Review Officer (ARO) by this date.

**How Do I Submit Supporting Information and Documentation?**
Please upload your supporting information and documentation to the Retailer Portal. Log in to the Retailer Portal at https://stars.fns.usda.gov/osa using this token 978CARU and your date of birth (DOB) to submit your information and documentation. A Login.gov account is required to utilize the upload function.

If you have not previously used the Online Store Application (OSA) or the Online Reauthorization Application (ORA), you will need to create a Login.gov account at https://login.gov/create-an-

account.

Once you have created your secure Login.gov account, **you will use the same email address to log in to the Retailer Portal.**

If you have not already done so, after you have created your Login.gov account and before you upload any documents to the Retailer Portal, you must notify FNS of your email address by contacting the Retailer Service Center at (877) 823-4369.

It is greatly preferred that you upload all supporting documentation to the Retailer Portal. If necessary, you may submit your information by mail or courier service, but it may delay the ARO's review of your case. Send physical mail to: David Shively, Administrative and Judicial Review Branch, USDA, FNS, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314.

**What Will Happen During FNS's Review of My Store's Case?**

- Any information you provide by the due date will be added to your file.
- Once the deadline for submitting information has passed, we will review all evidence in your case and then make a final decision based on a preponderance of the evidence.

**How Long will it Take to Reach a Decision on My Case?**
AJRB strives to make a Final Agency Decision within 120 days of the date your case is assigned to an ARO.

**How Will I Know When the Review Is Over?**
When the review is complete, we will send you (and your representative, if applicable) an e-mail which contains the Final Agency Decision.

The Final Agency Decision will indicate that the determination taken by ROC was sustained, modified, or reversed. Should you disagree with the ARO's decision, we will provide you with information pertaining to additional appeal rights at the judicial level.

The rules governing your appeal rights are contained in 7 CFR 278.6(n) and 7 CFR 279 of the SNAP regulations.

**How Do I Contact the ARO if I have Questions?**
E-mail your assigned ARO at SM.FN.SNAPAdminDocs@usda.gov and include the following subject line: "Acca Food Market Inc, Case Number C0301178."

Sincerely,



Jon Yorgason
Chief
Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA

Name: Aurelio Antonio Checo Estevez
Store Name: Acca Food Market Inc
Store Address: 6800 Dicks Ave
City: Philadelphia
State: Pennsylvania
ZIP: 19142-2516
Case Number: C0301178
Final Agency Decision: Term Disqualification
Outcome: Sustained
Date: 10/28/2026

**Acca Food Market Inc, Appellant**
**v.**
**Office of Retailer Operations and Compliance, Respondent**

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA), Food and Nutrition Administration (FNA), formerly Food and Administration Service (FNS), finds that there is sufficient evidence to support the determination by the Retailer Operations Division to impose a six-month disqualification against Acca Food Market Inc ("Appellant") from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The purpose of this review is to determine whether the Retailer Operations Division took appropriate action, consistent with Title 7 of Code of Federal Regulations (CFR) § 278.6(e)(5) in its administration of SNAP when it imposed a six-month period of disqualification against Appellant on December 9, 2025.

## AUTHORITY

According to 7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1, "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may . . . file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA investigated the compliance of Appellant with federal SNAP law and regulations during the period of June 11, 2025, through June 14, 2025. The investigative report documented personnel at Appellant's firm accepted SNAP benefits in exchange for ineligible merchandise on one occasion. As a result of evidence compiled during this investigation, by letter dated November 25, 2025, the Retailer Operations Division charged ownership with violating the terms and conditions of the SNAP regulations at 7 CFR § 278.2(a) and noted the violations warranted a six-month disqualification period. The letter also stated that Appellant was not eligible for a civil money penalty (CMP) in lieu of a disqualification. Additionally, Appellant

was given 10 days from receipt of the letter to provide a response. The record indicates that Appellant responded, through counsel, to the charge letter on December 5, 2025.

After reconsidering the evidence and counsel's response, the Retailer Operations Division notified Appellant in a letter dated December 9, 2025, that the violations cited in the charge letter occurred at the firm and that a six-month period of disqualification was warranted.

By email dated December 18, 2025, Appellant, through counsel, requested an administrative review of the Retailer Operations Division's determination. The request was granted, and implementation of the disqualification has been held in abeyance pending completion of this review.

## STANDARD OF REVIEW

In an appeal of an adverse action, Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue.

## CONTROLLING LAW

The controlling law in this matter is contained in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and implemented through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

Section 278.6(e)(5) of the SNAP regulations states, in part, when a firm is to be disqualified for six months:

> If it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(a) states, in part:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . . .

In addition, 7 CFR § 278.6(f)(1) provides for civil money penalty (CMP) assessments in lieu of disqualification in cases where disqualification would cause "hardship" to SNAP households benefit because of the unavailability of a comparable participating food store in the area to meet their shopping needs. It reads:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to SNAP households benefit because there is no other authorized retail food store in the area selling as large a variety of staple food items.

**APPELLANT'S CONTENTIONS**

Appellant's responses regarding this matter are essentially as follows:

- The 6-month disqualification violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations.
- Appellant's counsel requests a full evidentiary hearing.
- Appellant's due process rights have been violated.
- The allegations are uncorroborated and unsubstantiated.
- The penalty is excessive, arbitrary and capricious.
- The government's use of private contractor(s) and investigator(s) is improper and the investigator(s) in question were biased, more likely than not engaged in entrapment and their actions constitute misconduct.
- The factual allegations do not meet the relevant definitions or criteria.

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented, including any others that have not been specifically listed here.

**ANALYSIS AND FINDINGS**

This review examines the relevant information regarding the Retailer Operation Division's determination. Once the Retailer Operations Division establishes a violation occurred, Appellant bears the burden of providing relevant evidence to support a conclusion, considering the record as a whole, that the disqualification should be reversed. If this is not demonstrated, the case will be sustained. Without supporting evidence and rationale, assertions that the firm has not violated program rules do not constitute valid grounds for overturning the determination.

In this case, the report of investigation documents that the charges of violations are based on the findings of a formal USDA investigation. A complete review of this documentation has yielded no known error or discrepancy. The investigation report is specific and thorough regarding the dates of the violations, the critical facts related thereto and is supported by documentation that confirms details of the transactions. The Retailer Operations Division has thoroughly documented the transactions in which personnel at the store exchanged ineligible items for SNAP benefits.

The FNS investigative report documents by a preponderance of the evidence that an employee working at the Appellant firm accepted SNAP benefits for ineligible nonfood items on one occasion in violation of Section 271.2 of the SNAP regulations. The investigation report

documents by a preponderance of the evidence that store employees engaged in the misuse of SNAP benefits as noted in Exhibit A, warranting a disqualification as a SNAP retail food store for a period of six months.

Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means the Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue. In this matter Appellant has not provided any evidence that the sale of ineligible goods did not occur, beyond the assertion that the violations did not occur. While Appellant’s store did refuse to permit purchases in violation on the investigator’s second and third visits, this does not change the fact that there was one occasion during which a violation occurred. Consequently, this review finds, by a preponderance of the evidence, that program violations did occur as charged by the Retailer Operations Division and a six-month disqualification is warranted.

Appellant’s counsel requests a full evidentiary hearing and contends a 6-month disqualification violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution along with applicable statutes, regulations and Appellant’s due process rights. The administrative review process and administrative determinations made by the SNAP Administrative and Judicial Review Branch are not subject to the Administrative Procedures Act. This is because the SNAP administrative review process has its own separate authority. The statute and regulations do not provide for formal discovery procedures or adversary cross-examination as part of the review process. With regard to the Appellant’s request for a full evidentiary hearing, neither the Food and Nutrition Act of 2008 nor the SNAP regulations provide for evidentiary proceedings at the administrative level of review, and therefore such proceedings are not included in the administrative review process. Rather, the Act and regulations provide that any firm aggrieved by an administrative review determination may seek judicial review of the determination in U.S. District Court for the district in which Appellant’s owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. In such event, trial de novo proceedings ensure the firm of a full evidentiary hearing on the agency action at issue.

Furthermore, this review finds that prior to the disqualification determination, the firm was given ample opportunity to reply to the charge letter and provide any information to justify as legitimate the transactions noted in the investigation reports. In this matter, Appellant chose to respond to the charge letter and that response was considered.

Additionally, in these matters, Appellants receive a second level of due process, which involves an administrative review, of which Appellant has availed itself. All evidence and information submitted has been considered in this administrative review in rendering the final agency administrative decision in this case. The record does not indicate any departure from established policy or procedures with regard to Appellant’s right to a fair and thorough review. Appellant has exercised its opportunity to reply to the charge letter and its administrative review rights and, by doing so, has availed itself of the full complement of the agency’s statutory obligations with regard to due process. Appellant also has the right to a judicial review of this final agency determination.

Counsel argues that the penalty is excessive, arbitrary and capricious. The investigation report shows that store personnel permitted the sale of one non-food item. A clerk(s) who permits the purchase of ineligible items with SNAP benefits is in need of training and supervision. Entrusting such a clerk(s) to work unsupervised and handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision. Accordingly, the Office of Retailer Operations and Compliance attributed violations to "carelessness or poor supervision by the firm's ownership or management," pursuant to 7 CFR § 278.6(e)(5) of the SNAP regulations, which results in a disqualification of six months. This penalty is only permitted if the firm has not been previously sanctioned. Therefore, a six-month disqualification for the violations committed, the minimum, is the appropriate sanction in this case.

Appellant's counsel also contends that the government's use of private contractor(s) and investigator(s) is improper and the investigator(s) in question were biased, more likely than not engaged in entrapment and their actions constitute misconduct. Appellant's counsel further states that the factual allegations do not meet the relevant definitions or criteria. This review finds Appellant's argument unpersuasive. Appellant was provided with a copy of the investigation report, redacted to protect the identity of the investigative operative, which details each occasion during which violations occurred, their dates, the nonfood items purchased with SNAP benefits, and the descriptions and any comments of the clerk involved. The evidence in the record includes EBT receipts which substantiate the amounts of the transactions cited in the investigative report and photos of the items purchased. Appellant failed to submit any evidence such as an affidavit from the employee to substantiate an entrapment claim. Furthermore, after reading the Report of Investigation, this review does not find any evidence that the investigator used any coercive tactics to overcome the willingness of the employee to sell ineligible items. In contrast to Appellant's assertions, there is substantial evidence that the violations occurred.

Appellant was also reviewed for a civil money penalty in lieu of a disqualification. 7 CFR § 278.6(f)(1) reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The Retailer Operations Division determined that there are 60 similar authorized stores located within a one-mile radius of Appellant. Thus, in its letter dated November 25, 2025, the Retailer Operations Division concluded that a hardship CMP would not be appropriate, as there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices. Consequently, the determination of the Retailer Operations Division that the six-month disqualification of Appellant from the SNAP program would not create a hardship to customers is sustained and a civil money penalty in lieu of disqualification is not appropriate in this case.

## CONCLUSION

Based on the discussion above, the determination by the Retailer Operations Division to impose a disqualification of six months against Acca Food Market Inc from participating as an authorized retailer in SNAP is sustained.

In accordance with the Food and Nutrition Act, and the regulations thereunder, this penalty shall become effective thirty (30) days after delivery of this letter. A new application for participation in SNAP may be submitted ten (10) days prior to the expiration of the six-month disqualification period.

**RIGHTS AND REMEDIES**

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNA has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNA will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

David A. Shively
Administrative Review Officer
USDA, Food and Nutrition Administration
Administrative and Judicial Review Branch
5601 Sunnyside Ave.
Beltsville, MD 20705
SM.FN.SNAP-ARB@usda.gov

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
EASTERN DISTRICT OF PENNSYLVANIA

AURELIO ANTONIO CHECO ESTEVEZ,
ind. & o/b/o ACCA FOOD MARKET, Inc.,

*Plaintiff(s)*

v.

UNITED STATES OF AMERICA

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

THE UNITED STATES OF AMERICA
C/O THE HONORABLE TODD BLANCHE
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

&

C/O DAVID METCALF, Esq.
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ________________

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc: